**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAUL FRANCIS LANDRY, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3900** |
| **CHABERT OPERATIONAL MANAGEMENT, COMPANY, L.L.C., ET AL.** | **SECTION "B"(1)** |

**ORDER AND REASONS**

Before the Court is Defendant Todd Duplantis' ("Duplantis") improperly styled "Motion to Set Defendant's Defense for Insufficiency of Service of Process for Hearing." Rec. Doc. 48. Plaintiff did not file an opposition. Defendant's motion should have been styled, and we will consider it as, a motion to dismiss under Federal Rule of Civil Procedure 12(b). Further, under the Local Rules of this federal court, motions are set for submission, not hearing. For the reasons set forth below,

**IT IS ORDERED** that Plaintiff's claims against Defendant Duplantis are **DISMISSED WITHOUT PREJUDICE** for failure to properly effectuate service of process.

On August 10, 2016, Duplantis filed an answer to the complaint, alleging, among other things, a defense of insufficient service of process. Rec. Doc. 41 at 1-2. In the present motion, Duplantis "moves to set [his] defense of insufficient service of process as set forth in [his] Answer . . . for hearing" pursuant to Federal Rule of Civil Procedure 12(i). Rec. Doc. 48 at 1. In the accompanying memorandum, Duplantis explains that he

"submit[ted] this memorandum in support of his defense of insufficient service of process to dismiss the complaint . . . ." Rec. Doc. 48-3 at 1. As already noted, that motion is being treated as a motion to dismiss and is deemed submitted. Accordingly, he argued that Plaintiff attempted to serve him by serving an employee of the Terrebonne Parish Consolidated Government ("TPCG") at their government office, even though Duplantis no longer worked for the TPCG and did not reside at the government office. *Id.* Duplantis notes that Plaintiff was aware that Duplantis no longer worked for the TPCG, because the summons is addressed to "Ex Police Chief Todd Duplantis." Rec. Doc. 48-1 at 1 (emphasis added). Because Duplantis was not served in accordance with Federal Rule of Civil Procedure 4(e), he argues that the Plaintiff's claims against him should be dismissed. Rec. Doc. 48-3 at 2-3.

Federal Rule of Civil Procedure 12(b) provides that

> [e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (5) insufficient service of process . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

FED. R. CIV. P. 12(b) (emphasis added). Here, Duplantis raised the defense of insufficiency of service of process in his original answer. Rec. Doc. 41 at 1-2. According to the Federal Rules, a defense is only waived if a party failed to raise the defense by

motion under Rule 12 or failed to raise "it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h)(1); *see also M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 772 (S.D. Tex. 2010) (after quoting Rule 12(i), concluding that "Because the Defendants' motion to dismiss is based on a defense they raised originally in their answers, [Plaintiff's] waiver argument fails") (citing *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, 2010 WL 2757523, at *3 (S.D. Tex. July 13, 2010)). Accordingly, Duplantis' defense for insufficient service of process is properly before this Court.

Under Rule 12(i), "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion— . . . must be heard and decided before trial unless the court orders a deferral until trial." FED. R. CIV. P. 12(i). It appears that Rule 12(i) is rarely used.[1] In one of the few cases discussing Rule 12(i) in the context of a 12(b)(5) motion to dismiss for insufficient service of process, the Sixth Circuit explained that

> [t]echnically speaking, it is improper to raise a challenge to service of process in a motion for summary judgment because the defense 'involves a matter in abatement and does not go to the merits of the action.' Nevertheless, when the defense has been preserved in an answer and is later raised in a pre-trial motion, a court

[1] For example, it has been used by various courts in Texas to defer ruling on portions of motions to dismiss. *See, e.g. Texas v. United States*, No. 15-151, 2016 WL 4138632, *24 (N.D. Tex. Aug. 4, 2016); *Aderholt v. Bureau of Land Mgmt.*, No. 15-162, 2046 WL 3541857, *9 (N.D. Tex. June 29, 2016); *St. Gregory Cathedral School v. LG Elecs., Inc.*, No. 12-739, 2015 WL 11121531, at *9 (E.D. Tex. Mar. 13, 2015); *Calip v. Concentra Health Serv., Inc.*, No. 08-2104, 2010 WL 637800, *3 (N.D. Tex. Feb. 22, 2010); *Hill v. Hunt*, No. 07-2020, 2010 WL 54756, *3 n.2 (N.D. Tex. Jan. 4, 2010).

> will look past the label chosen by the movant and treat the motion as a request for a ruling on the defense made under . . . Rule 12(i).

*King v. Taylor*, 694 F.3d 650, 657 n.2 (6th Cir. 2012) (internal citations omitted). Several other defendants in this case filed motions to dismiss pursuant to Rule 12(b) prior to filing an answer (a more familiar and preferred way to assert 12(b) defenses).[2] Duplantis followed an alternative procedure made available by the Federal Rules.

Thus, under Rule 4(e), an individual may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In this case, Duplantis' summons was personally served on Leilani Hardee, an employee of the TPCG at 8026 Main Street, Houma,

[2] For example, Defendants Chabert Operational Management Company, LLC and Oschner filed a motion to dismiss pursuant to Rule 12(b)(6) on July 11, 2016, prior to answering Plaintiff's complaint. Rec. Doc. 23. This Court granted the motion as unopposed on August 4, 2016. Rec. Doc. 34. Similarly, Defendant Rushing Media filed a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process on August 1, 2016, prior to answering Plaintiff's complaint. Rec. Doc. 30. Again, this Court granted the motion as unopposed on August 17, 2016. Rec. Doc. 43. Finally, Defendant Jean Savoie filed a motion to dismiss for insufficiency of service of process on August 17, 2016, prior to filing an answer (Rec. Doc. 44) and this Court granted the motion as unopposed on September 8, 2016 (Rec. Doc. 47).

Louisiana 70360. Rec. Doc. 48-1 at 2. Duplantis was no longer employed by the TPCG and he did not reside at 8026 Main Street, nor did he have an authorized agent for service. Rec. Doc. 48-3. Accordingly, Duplantis was not served by personal service, domiciliary service, or by service on an authorized agent. He was not properly served and the claims against him should be dismissed.

Even though Duplantis filed the instant motion on September 28, 2016 and set it for submission on November 2, 2016, Plaintiff has not responded. Pursuant to Local Rule 7.5, Plaintiff's memorandum in opposition was due on or before October 25, 2016. No party filed a motion to continue the noticed submission date or a motion for extension of time within which to oppose the motion. While *pro se* litigants are provided greater leniency in certain areas, they are still obligated to comply with all court orders, rules, and deadlines. *Beard v. Experian Info. Sols. Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*,660 F.2d 592, 593 (5th Cir. 1981)). For the reasons outlined above,

**IT IS ORDERED** that Plaintiff's claims against Duplantis are **DISMISSED WITHOUT PREJUDICE** for failure to properly effectuate service of process.

New Orleans, Louisiana, this 2nd day of November, 2016.

_____________________________________
SENIOR UNITED STATES DISTRICT JUDGE